# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LARRY WADDELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NUMBER:** _____ |
| ) | |
| **RELIANCE STANDARD LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Comes now the Plaintiff, Larry Waddell and hereby files his Complaint against Reliance Standard Life Insurance Company.

## PARTIES

1. The Plaintiff, Larry Waddell ("Waddell"), is a participant under an ERISA-governed disability policy within Ascend Performance Materials Holdings, Inc., Group Long Term Disability Policy Number 2017-02-15-0399-LTD-01, who has been improperly denied disability benefits.

2. Defendant, Reliance Standard Life Insurance Company ("Reliance") is, on information and belief, the insurer and Claims Administrator for the policy issued to plan sponsor and policyholder, Ascend Performance Materials Holdings, Inc. ("Ascend"). Defendant has improperly denied owed benefits to Mr. Waddell under the Plan. Upon information and belief, Reliance is a foreign corporation doing

business throughout the United States, in the State of Alabama and in this district.

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. Plaintiff asserts claims for long-term disability benefits, enforcement of ERISA rights, and statutory violations of ERISA under 29 U.S.C. §1132. This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a),(e)(1) and (f) and 28 U.S.C. §1131. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## INTRODUCTION

4. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Instead of promoting and protecting the interests of Mr. Waddell, Defendant victimized him by engaging in utterly reprehensible claim handling procedures. The shortcomings of ERISA as it relates to claims for "welfare" benefits have been exploited by the Defendant to avoid paying Mr. Waddell's valid claims that would otherwise be payable under state insurance law. As described in more detail below, the Defendant has clearly engaged in bad faith claim handling and Mr. Waddell, at a minimum, is patently entitled all relief that ERISA provides.

## **STATEMENT OF FACTS**

5.      Mr. Waddell is a participant under Ascend Performance Materials Holdings, Inc., Group Long Term Disability Policy Number 2017-02-15-0399-LTD-01, an ERISA plan sponsored by his employer, Ascend.  The plan provides participants, like Mr. Waddell, long term disability ("LTD") benefits.

6.      Mr. Waddell is fifty-five years old.  He worked at Ascend as a boiler house operator at a waste treatment facility until he became disabled from all work as of October 31, 2016.

7.      Mr. Waddell's medical conditions include vertigo, neck pain status post ACDF, hypertension, nephrolithiasis, sleep apnea, degenerative disc disease, cervical stenosis, knee pain, shoulder pain, COPD, emphysema, coronary artery disease, chest pain, widespread chronic pain, anxiety and depression.  Mr. Waddell has limited range of motion, balance impairment, cognitive impairment, severe dizziness, pain, lethargy and suffers impairing side effects from his prescribed medications including fatigue and drowsiness.  His restrictions and limitations from her medical conditions render Mr. Waddell unable to perform all work as indicated by his treating medical provider.

8.      Defendant determined that Mr. Waddell was unable to perform the material duties of his Regular Occupation on a full-time basis during the period of April 29, 2017 to April 29, 2019.

9. Defendant also found that Mr. Waddell was disabled from Any Occupation for the period of April 2019 to November 1, 2021.

10. However, by letter dated September 30, 2021, Defendant terminated Mr. Waddell's long-term benefits beyond November 1, 2021.

11. Mr. Waddell submitted an appeal, and it was received by Defendant on October 4, 2021.

12. Despite receiving extensive evidence showing Mr. Waddell's continuing severe dizziness, pain, balance impairment, fatigue, limited range of motion, cognitive impairment, and other debilitating side effects from his necessary medications, Defendant issued a final denial for his LTD benefits by letter dated January 7, 2022.

13. In both the initial denial and appeal denial, Defendant relied on the opinions of its paid medical reviewers who never examined Mr. Waddell yet found he had no restrictions and limitations that would preclude work.

14. Mr. Waddell's primary medical provider repeatedly opined that Mr. Waddell has severely debilitating restrictions and limitations and could not return to work.

15. As of this date Mr. Waddell has been denied benefits rightfully owed to him under the plan. Defendant's decision to deny LTD benefits under the plan was grossly wrong, without basis and contrary to the evidence.

16. Mr. Waddell met and continues to meet the plan definition of "disabled."

17. The Defendant did not establish and maintain a reasonable claim procedure or provide a full and fair review of Mr. Waddell's claim as required by ERISA. Instead, Defendant acted only in its own pecuniary interests and violated ERISA by conduct including, but not limited to, the following: reviewing the claim in a manner calculated to reach the desired result of denying benefits; failing to properly consider and credit the medical opinions of Mr. Waddell's medical providers; failing to perform a proper employment analysis and failing to have Mr. Waddell submit to independent medical exams as allowed by the Plan.

18. Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to any other entity who may have adjudicated Mr. Waddell's claim. Therefore, the Court should review the Plaintiff's claim for benefits under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In the alternative, the denial of Plaintiff's benefits constitutes an abuse of discretion.

19. Upon information and belief, Reliance was required to both evaluate and pay claims under the Plan at issue, creating an inherent conflict of interest.

20. Mr. Waddell has exhausted any applicable administrative review procedures, and Defendant's refusal to pay benefits is both erroneous and unreasonable and has caused tremendous financial hardship for the Plaintiff.

## DEFENDANT'S WRONGFUL AND UNREASONABLE CONDUCT

**A.  Defendant's Determination that Plaintiff does not Meet the Definition of Disability as Stated in the Plan was both Erroneous and Unreasonable.**

21. Defendant approved and paid benefits to the Plaintiff for two years under the definition of disability of Total Disability from "your Regular Occupation" and approved and paid benefits for almost three years under the definition of Total Disability from "Any Occupation".

22. According to Reliance, on November 1, 2021, Mr. Waddell was disabled under the policy's "any occupation" definition of disability, yet the very next day, as of November 2, 2021, with no improvement in his condition and no change of the definition of disability, Reliance determined Mr. Waddell was no longer disabled.

23. The Plaintiff's primary treatment provider determined that Mr. Waddell's restrictions and limitations were so severe that he would be unable to perform any work at any exertional level. However, Defendant ignored those supported opinions and based its denial on flawed and unreliable medical and vocational evidence and analyses that were obtained from biased and conflicted

sources. Defendant also disregarded reliable evidence establishing Mr. Waddell's ongoing disability.

24. Mr. Waddell struggles with debilitating dizziness, pain and symptoms from his numerous severely debilitating conditions every day. Defendant's assertion that he is no longer disabled under the policy, with no improvement in his condition, is at the very least unreasonable.

**B. Defendant's Decision to Terminate Long Term Disability Benefits was not Supported by Substantial Evidence.**

25. In consideration of Mr. Waddell's claim, Defendant only retained paid consultants to review his medical records. The sole reason for Defendant's termination was based on the opinions of paid paper reviewers, who never actually examined Mr. Waddell, and determined that he did not suffer disabling restrictions and limitations.

26. Considering the nature of his conditions and his well-documented struggles with treatment, the notion that he is not restricted from work is absurd. Based on the language of the policy and common-sense practice, Defendant could have requested an independent medical examination of Mr. Waddell. Instead, it determined that medical file reviews were superior to years of treatment records and recommendations from Mr. Waddell's primary medical treatment provider.

27. Mr. Waddell's medical file clearly demonstrates that he is disabled. Mr. Waddell's primary medical provider has attested to his disabilities on multiple

occasions. Defendant had access to records from Mr. Waddell's treating providers clearly documenting Mr. Waddell's constant struggle with debilitating dizziness, pain and the symptoms of his many serious medical conditions, both physical and mental.

28. The records of Mr. Waddell's long-standing primary treatment provider, who has no stake in the outcome of the case, clearly evidences that he is disabled based on numerous personal examinations, objective testing, and procedures. The opinions are consistent with the record as a whole.

29. Defendant's hired medical reviewers, on the other hand, did not examine Mr. Waddell. The conclusion that Mr. Waddell was no longer disabled was based merely on hired reviewers' assessment of his medical records. The opinions of Defendant's medical reviewers do not support the termination of benefits because the opinions of these non-examining consultants hired by the insurance company are the only "evidence" contrary to the opinions of Mr. Waddell's primary treatment provider.

30. Not only did Defendant's hired medical consultants never examine Mr. Waddell but there is no evidence to support their position that he was less restricted than indicated by his treatment provider.

31. Mr. Waddell's own medical provider evaluations were objective and reliable and should have been afforded far greater weight than those of consultants

hired by Defendant. Accordingly, Defendant's termination of Mr. Waddell's LTD benefits was based on insufficient evidence.

    **C. Defendant's Failure to Properly Credit Mr. Waddell's Well-Documented Complaints Dizziness and Pain was Arbitrary and Capricious.**

32. Mr. Waddell's primary disabling impairments have been established by objective proof and have been diagnosed by his treating physician(s) based on his medical history, physical examinations, imaging and observation.

33. While dizziness and pain can be a subjective component of Mr. Waddell's conditions it is reasonable and expected that his conditions would cause the level of dizziness and pain claimed by Mr. Waddell.

34. In the denial letters, Defendant made no mention of how Mr. Waddell's severe dizziness, pain and fatigue would affect his ability to perform work.

35. The record in this case reveals well-documented complaints of debilitating dizziness and pain. There is no objective evidence to contradict Mr. Waddell's complaints and therefore Defendant cannot discredit his subjective complaints.

36. It was substantively unreasonable for the Defendant to deny benefits for Mr. Waddell's disabilities involving subjective elements such as dizziness, pain and fatigue.

37. Mr. Waddell has submitted credible evidence of the subjective components of his conditions and objective evidence of the underlying conditions causing his dizziness and pain.

38. Defendant made no effort to evaluate the veracity of Mr. Waddell's claim and did not identify what objective evidence he could have or should have produced to be sufficient to prove subjective elements of his claim.

39. Mr. Waddell's medical records contain well-documented complaints of dizziness, pain and treatments prescribed by his treating physician(s). The records provided to Defendant show Mr. Waddell's long-time struggles with dizziness, pain, fatigue, limited mobility, cognitive impairment, as well as a host of other side effects from his necessary medications.

40. Defendant did not credit these well-documented complaints or the opinions of Mr. Waddell's treatment providers, and instead unreasonably denied his claim.

41. In its review, Defendants also failed to consider non-exertional limitations including: (1) impaired concentration due to dizziness and pain, altered mental status or medication side effects; (2) impaired ability to make simple work-related decisions; and (3) an inability, to an intolerable degree, to attend and perform work activities due to symptom exacerbation.  Such non-exertional limitations are important aspects of vocational capacity that Defendant did not properly evaluate.

## CAUSES OF ACTION

### Count One
### ERISA (Claim for Benefits Owed under Plan)

42. Plaintiff hereby incorporates by reference every fact as if it were restated herein.

43. At all times relevant to this action Mr. Waddell was a participant of Ascend Performance Materials Holdings, Inc., Group Long Term Disability Policy Number 2017-02-15-0399-LTD-01, an ERISA plan sponsored by his employer, Ascend Performance Materials Holdings, Inc, within the meaning of 29 U.S.C § 1002(7) and was eligible to receive disability benefits under the Plan.

44. As more fully described above, the termination and refusal to pay Mr. Waddell benefits under the Plan for the period of at least on or about November 2, 2021 through the present constitutes a breach of Defendant's obligations under the plan and ERISA. The decision to deny benefits to Mr. Waddell was not reasonable and it was not based on substantial evidence.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*;

2. That the Court may take and review the records of Defendant and any other evidence that it deems necessary to conduct an adequate *de novo* review;

11

3. From at least October 2016 through the present, Mr. Waddell met the Plan's definition of disabled;

4. Defendant shall pay Mr. Waddell all benefits due for the period from at least November 2, 2021 through the present in accordance with the policy;

5. Defendant shall pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

6. Defendant shall continue paying Plaintiff's benefits in an amount equal to the contractual amount of benefits to which he is entitled through the Plan's Maximum Benefit Period so long as he continues to meet the Plan's conditions for continuance of benefits;

7. Defendant shall pay attorney's fees for Plaintiff's counsel pursuant to 29 U.S.C. § 1132(g);

8. Plaintiff be awarded any and all other contractual and/or equitable relief to which he may be entitled, as well as the costs of suit.

                      Respectfully Submitted,

                      /s/ *Amanda Stansberry*
                      Amanda Stansberry (ASB-7793-M64S)

COX & STANSBERRY, LLC
3535 Grandview Parkway
Suite 310
Birmingham, Alabama 35243

Phone: 205-870-1205
Fax: 205-870-1252
amanda@coxstansberry.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Reliance Standard Life Insurance Company
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104